J-S27038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER COTTLE | |
| Appellant | No. 2447 EDA 2021 |

Appeal from the PCRA Order Entered November 4, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000962-2008

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED DECEMBER 20, 2022**

Christopher Cottle ("Cottle") appeals *pro se* from the order dismissing his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously summarized the factual background of this matter as follows:

> On January 13, 2007, [Cottle], along with [his] brother[, Brandon Cottle,] and Rick Hughes, entered the home of the victim. While [Cottle] held the victim in a chokehold, Rick Hughes stabbed the victim multiple times.  Thereafter, the victim's home was set on fire in what neighbors described as an explosion.  The victim's body was discovered inside of the home and the cause of death was determined to be multiple stab wounds.  [Brandon Cottle] confessed to being the "lookout" and detailed the incidents of the crime for the police.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

*Commonwealth v. Cottle*, 82 A.3d 1053 (Pa. Super. 2013) (unpublished memorandum).

In 2012, a jury convicted Cottle of first-degree murder and related offenses, and the trial court sentenced him to life in prison without the possibility of parole. This Court affirmed the judgment of sentence and our Supreme Court thereafter denied allowance of appeal on November 6, 2013. *See Commonwealth v. Cottle*, 79 A.3d 1097 (Pa. 2013). Cottle did not seek review in the United States Supreme Court.

In May 2014, Cottle filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended petition which the PCRA court ultimately denied. This Court affirmed the denial of PCRA relief in March 2019. *See Commonwealth v. Cottle*, 215 A.3d 670 (Pa. Super. 2019) (unpublished memorandum). Cottle's appointed PCRA counsel failed to inform him of this Court's ruling. Consequently, the PCRA court appointed replacement counsel, Earl Kauffman, Esquire, who filed a PCRA petition seeking to reinstate Cottle's right to appeal this Court's affirmance of the denial of his first PCRA petition. The PCRA court granted Cottle's petition and reinstated his right to file a petition for allowance of appeal. Cottle filed a petition for allowance of appeal which our Supreme Court denied on September 23, 2020. *See Commonwealth v. Cottle*, 239 A.3d 1084 (Pa. 2020). Attorney Kauffman sent a letter to Cottle in which he advised that our

Supreme Court denied allowance of appeal on September 23, 2020, and incorrectly stated that Cottle had until September 23, 2021, in which to file a second PCRA petition.

On November 12, 2020, Cottle filed the instant *pro se* PCRA petition, his third. Therein, he raised claims of prosecutorial misconduct, illegality of sentence, and ineffectiveness of trial and direct appeal counsel. The Commonwealth moved to dismiss the petition on the basis that it was untimely filed. Cottle filed a response to which he attached the letter from Attorney Kauffman which stated that Cottle had until September 23, 2021, in which to file a second PCRA petition. As a result, the PCRA court entered an order explaining that Cottle's petition was untimely and granting Cottle leave to file an amended petition referencing any exceptions to the PCRA's timeliness requirements that Cottle believed were applicable to his claims by September 7, 2021. Cottle did not file an amended petition. Instead, on July 15, 2021, he filed a response to the order in which he averred that the instant petition is "timely" because he could not file it until the denial of his prior petition was fully resolved. In making this argument, Cottle vaguely stated: "the most relevant claim 'governmental interference' fits the § 9545(b)(1)(i) requirement to be excepted from the jurisdictional one year [*sic*] mandates . . .." Cottle's Response, 7/15/21, at 3. The Commonwealth filed a supplemental motion to dismiss. The PCRA court issued a Pa.R.Crim.P. 907

notice of its intent to dismiss the petition without an evidentiary hearing. Cottle filed a response which was identical to the response he filed on July 15, 2021, except for the date. On November 4, 2021, the PCRA court dismissed the petition as untimely filed. Cottle filed a timely notice of appeal and both he and the PCRA court complied with Pa.R.A.P. 1925.

Cottle raises the following issues for our review:

1. Whether the lower court committed an error of law and abused its discretion by failing to consider and accommodate [Cottle's] cognitive learning disability and low-IQ before summarily dismissing [his] third PCRA [petition]?

2. Whether the lower court committed an error of law in failing to liberally construe [Cottle's] third PCRA, and finding on its own, ["]*sua sponte*,["] that [Cottle's] court-appointed counsel's erroneous advice about the timeliness of the third PCRA [petition] at issue in this appeal qualifies as facts previously unknown to [Cottle] and could not have been ascertained by the exercise of due diligence?

3. Did the lower court abuse its discretion in failing to reinstate [Cottle's] rights to an appeal, ["]*nunc pro tunc*,["]as a result of PCRA counsel's erroneous advice about the timeliness of [Cottle's] second or subsequent PCRA [petitions]?

4. Did the trial court abuse its discretion in subjecting Commonwealth witness[,] Brandon Cottle[,] to direct and cross-examination despite Mr. Cottle's obvious mental impairment?

5. Did the trial court abuse its discretion in failing to find [Cottle's] trial counsel was constitutionally ineffective?

Cottle's Brief at 3-4.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

The timeliness of a PCRA petition is a jurisdictional prerequisite. ***See Commonwealth v. Zeigler***, 148 A.3d 849 (Pa. Super. 2016). Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. ***Id***. § 9545(b)(3). Because the PCRA's timeliness requirements are jurisdictional in nature, a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

- 5 -

In the instant matter, this Court affirmed the judgment of sentence and our Supreme Court thereafter denied allowance of appeal on November 6, 2013. Because Cottle did not seek review in the United States Supreme Court, his judgment of sentence became final ninety days later, on February 4, 2014. *See* U.S.Sup.Ct.R. 13 (stating that an appellant must file a petition for writ of *certiorari* with United States Supreme Court within ninety days after entry of judgment by state court of last resort). Cottle therefore had until February 4, 2015, to file a timely PCRA petition. Accordingly, the present petition, filed on November 10, 2020, is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition**.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

> Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2).

In his *pro se* petition, Cottle failed to plead or prove any exception to the timeliness requirements of the PCRA. The PCRA court granted Cottle leave to file an amended petition to plead an exception to the PCRA's time bar; however, Cottle failed to file an amended petition. Instead, he filed a response to the PCRA court's order. Therein, Cottle vaguely referenced the governmental interference exception provided by § 9545(b)(1)(i). However, he did not plead or prove how this exception applies to his case or to the instant petition. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999) (holding that it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies). Specifically, Cottle did not identify any governmental official or explain how any such governmental official interfered with the presentation of his claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States. *See* 42 Pa.C.S.A. § 9545(b)(1)(i). Nor did Cottle indicate when such interference occurred or prove that he filed the instant petition within one year of such interference. *See id*. § 9545(b)(2). As Cottle failed to meet his

burden, the PCRA court lacked jurisdiction to consider the merits of his claims.[2]  Accordingly, we affirm the order dismissing Cottle's third PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2022

---

[2] One of the claims which Cottle raised in his *pro se* petition was that his sentence was illegal.  Although challenges to the legality of sentence are cognizable under the PCRA, this Court has recognized that "a legality of sentence claim may nevertheless be lost should it be raised [] in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (citing **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014)).  Thus, a petitioner challenging the legality of a sentence in an untimely PCRA petition must still plead and prove the applicability of one of the PCRA's timeliness exceptions to obtain review.